IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIA ESTATE OSTERA, INC.,

    Plaintiff,

v.

RH CAPITAL LLC,

    Defendant.

No. C 06-05519 JSW

**ORDER DENYING APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

Now before the Court is Plaintiff California Estate Osetra, Inc. ("CEO")'s *ex parte* application for a temporary restraining order ("TRO") against Defendants RH Capital LLC ("RHC") and Robert May (collectively "Defendants"). CEO sues derivatively on behalf of Tsar Nicoulai Caviar, LLC ("TNC"), a Nevada Limited Liability Company. To date, Defendants have not filed any opposition. Nevertheless, having carefully considered CEO's application, and finding this application suitable for disposition without oral argument pursuant to Civil Local Rule 7-6, the Court DENIES CEO's application because it fails to make an adequate showing, supported by admissible evidence, of immediate irreparable harm necessitating the issuance of a TRO and further has failed to demonstrate the need to preserve the status quo pending final resolution. *See* Fed. R. Civ. P. 65(b).

To prevail on a motion for temporary restraining order or to receive preliminary injunctive relief, the moving party bears the burden of demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) the existence of serious questions as to success on the merits and irreparable injury along with a sharp tipping of

1  the balance of hardships in favor of the moving party. *Stahlbarg International Sales Co. v.*
2  *John D. Brush & Co.*, 240 F.3d 832, 839-840 (9th Cir. 2001). These alternative standards are
3  "not separate tests but the outer reaches of a single continuum." *International Jensen, Inc. v.*
4  *Metrosound U.S.A.*, 4 F.3d 819, 822 (9th Cir. 1993). "Because injunctive relief prior to trial is a
5  harsh and extraordinary remedy, it is to be granted sparingly and only in cases where the issues
6  are clear and well defined and the plaintiff has established a reasonable certainty of prevailing
7  at trial." *Watermark, Inc. v. United Stations, Inc.*, 219 U.S.P.Q. 31, 32-33 (C.D. Cal. 1982)
8  (*citing Dymo Industries, Inc. v. Tapeprinter, Inc.*, 326 F.2d 141 (9th Cir. 1964)).

9        Here, CEO contends that an injunction is necessary to protect the subject company,
10  TNC, from gross mismanagement and to ensure a proper competitive bidding process. CEO
11  argues it would suffer irreparable injury because the company, in which CEO maintains a
12  minority interest, may be sold for less than its fair market value. CEO does not make any
13  showing that it could not be compensated with monetary damages. The possibility of mere
14  monetary damages are not enough to justify imposition of a temporary restraining order. *Los*
15  *Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197,1202 (9th
16  Cir. 1980) (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974)) (holding that mere monetary
17  injury is insufficient to demonstrate irreparable harm and the possibility that adequate
18  compensatory or other corrective relief will be available at a later date, in the ordinary course of
19  litigation, weighs heavily against a claim of irreparable harm).

20        Accordingly, the Court DENIES CEO's request for a temporary restraining order
21  without prejudice to filing a renewed motion upon a proper showing of all relevant factors.
22  Plaintiff is directed to serve a copy of this Order on Defendant and file a proof of such service
23  by no later than September 13, 2006.

24        **IT IS SO ORDERED.**

25

26  Dated: September 12, 2006

                                              JEFFREY S. WHITE
27                                                UNITED STATES DISTRICT JUDGE

28